# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RANETTA J. THOMAS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CASE NO.** CIV-13-570-L |
| ) | |
| **GLACIER TECHNOLOGIES, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

## I.  PRELIMINARY STATEMENT

1.  This is a civil action alleging employment discrimination based upon race, color, and retaliation prohibited by the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"); and race, gender, and retaliation prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII").

## II.  PARTIES

2.  Plaintiff, Ranetta J. Thomas, is a black African-American female who is a citizen and resident of the United States and the state of Oklahoma. Plaintiff resides in Lawton, Oklahoma, within the Western District of Oklahoma. Plaintiff performed work for Defendant at a facility located on Fort Sill, Oklahoma, within the Western District of Oklahoma, and was discharged from employment at such facility.

3.  Defendant, Glacier Technologies, LLC, is a foreign for-profit limited liability company with its headquarters and principal place of business in El Paso, Texas.

Defendant did business in the state of Oklahoma and had a facility at Fort Sill, Oklahoma, where Plaintiff was employed.

### III. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

5. Venue is proper under 28 U.S.C. § 1391(b) and (c), and 42 U.S.C. § 2000e-5(f)(3).

### IV. CONDITIONS PRECEDENT

6. Plaintiff timely filed a charge with the United States Equal Employment Opportunity Commission (EEOC Charge No. 564-2012-01575) within 300 days of all adverse actions by Defendant.

7. Plaintiff was issued a notice of right to sue dated March 5, 2013, and this Complaint is timely filed within ninety (90) days of Plaintiff's receipt of said notice. Plaintiff has exhausted her administrative remedies as to her federal claims under Title VII.

### V. FACTUAL ALLEGATIONS

8. Defendant is a foreign for-profit limited liability company which operates in a number of states, including Oklahoma. Defendant has a contract with the United States Department of Defense to perform testing and evaluation services for the United States Army at Fort Sill, Oklahoma, and at other military bases throughout the United States.

9. Defendant is engaged in an industry affecting commerce and has had over fifteen (15) employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

10. Defendant is a covered employer under Title VII which, inter alia, prohibits a covered employer from discriminating against its employees based upon race, gender, and retaliation.

11. Plaintiff was hired by Defendant in May, 2012, to work at its facility located at Fort Sill, Lawton, Oklahoma.

12. Plaintiff is a black African-American female.

13. Plaintiff was employed by Defendant as a RAM Analyst until her discharge effective September 5, 2012. She was qualified to perform her job duties involving technical support and test evaluation based upon her education, training, and prior work experience.

14. Plaintiff performed her job duties in a satisfactory manner while employed by Defendant, as indicated by her being reclassified from a temporary employee to a permanent full-time employee. Further, Plaintiff never received counseling, written warning, or other discipline while employed due to alleged unsatisfactory performance.

15. Beginning in approximately June, 2012, and after Plaintiff had been made a regular employee, she was subjected to bullying, harassment, and discrimination by Steve McKee, a federal civilian employee on the job site. McKee, a white male, preferred the two temporary employees of Defendant who were assigned to perform the

same job duties as Plaintiff. Both of these temporary employees, Shelby Lowe and Craig Lowe, were white.

16. While on temporary assignment in Yuma, Arizona, McKee favored Shelby Lowe and gave her the option to choose which shift she wanted to work, provided training to her that he did not provide to Plaintiff, and was condescending to Plaintiff and berated her. Plaintiff complained to Staff Sergeant Moore about the favoritism that McKee showed toward Shelby. Upon returning to Fort Sill, Plaintiff complained to Judy Gowan, Operation Site Manager for Defendant, on or about July 6, 2012.

17. Thereafter, McKee told the three RAM Analysts that he would text them every morning to let them know when and where they were needed. McKee texted Shelby Lowe and Craig Lowe; however, he would intentionally not text Plaintiff to make it appear that she was not performing her job. On July 18, 2012, Plaintiff was summoned to Judy Gowan's office to discuss why she had not been at McKee's office. Plaintiff explained that she had not been texted. Later that day, Gowan told Plaintiff that she had talked with McKee about the problem, and that he stated to her that Plaintiff was a big help and did her work.

18. On or about August 14, 2012, Shelby Lowe was caught sleeping on the job by Major Brown, U. S. Army officer at the site. Eric Nesmith (white), the immediate supervisor of the RAM Analysts, told Shelby to stay awake and not get caught sleeping, but no further discipline was administered.

19. On or about August 24, 2012, Plaintiff complained to Nesmith about

McKee's ongoing harassment, bullying, and discrimination directed toward her. Nesmith told Plaintiff that he would talk to McKee about Plaintiff's complaints. The next day, McKee sat down behind Plaintiff and said to her, "I wanna watch you work." Then McKee started an argument with Plaintiff. Plaintiff then phoned Nesmith to report the continued harassment by McKee, and requested that it be stopped. Nesmith told Plaintiff he would talk with McKee's supervisor.

20. On September 5, 2012, Plaintiff was discharged by Judy Gowan for alleged "performance issues". Gowan stated that the client (McKee) could not work with her and that she did not do her job at all.

21. While employed as a RAM Analyst, Plaintiff received less pay than a white male, John Kindred, who had been in her position as a permanent RAM Analyst.

22. Plaintiff asserts that the reasons given by Defendant for her discharge are pretexts. She was never given any written or oral warning that her job performance was unsatisfactory. Furthermore, Plaintiff was terminated under circumstances in which non-black and/or male employees were not terminated. In addition, she was replaced by a non-black employee after her termination.

23. As a result of Defendant's actions, Plaintiff has sustained loss of employment, loss of wages, loss of benefits and other compensation, and loss of future wages and other compensation. Plaintiff was paid at the rate of approximately $15.36 per hour and received overtime pay and fringe benefits. Plaintiff's earnings averaged approximately $1,100 per week due to required overtime. Plaintiff has also suffered other

compensatory damages, including, without limitation, loss of dignity, humiliation, stress, worry, and loss of enjoyment of life.

24. All adverse actions taken by Defendant against Plaintiff, including discharge, were intentional, willful, malicious, and/or in reckless disregard for the legal rights of Plaintiff. Defendant had written policies and procedures stating, among other things, that it was illegal to discriminate and retaliate against employees based upon race, color, gender, and for complaining of discrimination. Nonetheless, Plaintiff's supervisors allowed and participated in the racial and gender discrimination, harassment, and imposition of a hostile work environment, and discharge because of her race, gender, and opposition to discrimination.

## VI.  FIRST CAUSE OF ACTION: VIOLATION OF SECTION 1981

25. Plaintiff incorporates hereunder by reference paragraphs 1-24, as set forth above.

26. Plaintiff is protected from employment discrimination by Defendant based upon her race and/or color and retaliation under 42 U.S.C. § 1981.

27. Defendant's adverse actions, including without limitation, over-scrutinizing Plaintiff's job performance and behavior, subjecting Plaintiff to different terms and conditions of employment, unequal discipline, imposition of a hostile work environment, and discharge because of her race and color and retaliation violate Section 1981. As a result of Defendant's actions toward Plaintiff, she suffered the losses and damages

described in ¶ 22, above, and she is entitled to all remedies to which a prevailing plaintiff is entitled for an employer's willful and malicious violation of Section 1981.

### VII.   SECOND CAUSE OF ACTION: VIOLATION OF TITLE VII

28.   Plaintiff incorporates hereunder by reference paragraphs 1-27, as set forth above.

29.   Plaintiff is protected under Title VII from employment discrimination based upon race, gender, and/or retaliation for opposing racial discrimination.

30.   Defendant discriminated against Plaintiff as set forth above, including, without limitation, subjecting her to different terms and conditions of employment, to a hostile work environment, and terminating her employment, because of her race, gender, and/or retaliation in violation of Title VII. As a result of Defendant's actions toward Plaintiff, she suffered the losses and damages described in ¶ 22, above.

31.   Defendant's actions in violating Title VII were intentional, willful, malicious, or in reckless disregard for Plaintiff's rights thereunder.

32.   Plaintiff is entitled to all remedies and relief provided for a violation of Title VII, including, without limitation, back pay, appropriate front pay, compensatory damages, punitive damages, reimbursement of costs and expenses, and an award of a reasonable attorneys' fee.

### VIII.   JURY TRIAL REQUESTED

33.   Plaintiff is entitled to a jury trial as to her claims asserted herein, and

Plaintiff hereby requests a jury trial.

## IX. PRAYER FOR RELIEF

Plaintiff prays for judgment as follows:

    A.    Payment of back and front wages, benefits, and compensation;

    B.    All compensatory and consequential damages, including but not limited to, loss of dignity, humiliation, stress, worry, and loss of enjoyment of life;

    C.    Reinstatement or front pay in lieu thereof;

    D.    Punitive or exemplary damages;

    E.    Declaratory and injunctive relief as appropriate;

    F.    Pre-judgment and post-judgment interest on all sums awarded to Plaintiff;

    G.    Attorney's fees, costs and such other and further relief as the Court deems reasonable and proper.

                          s/Raymond C. Durbin
                          OBA No. 2554
                          601 NW 13th Street
                          Oklahoma City, OK 73103-2213
                          Telephone:   (405) 521-0577
                          Fax:               (405) 525-0528
                          E-mail:         durbinlaw@flash.net

                          ATTORNEY FOR PLAINTIFF

**JURY TRIAL DEMANDED.**

**ATTORNEY LIEN CLAIMED.**